Lyons, Judge.
The testator must be of disposing mind and memory at the time of making his will: which is the true time to try his mind; and the witnesses who attest the will are the proper triers in general; but here the whole current of the testimony proves incapacity so clearly, that it greatly outweighs that of the subscribing witnesses. I concur, therefore, that the judgment of the district court ought to be reversed.
At entering the judgment in this court, a question arose, whether the appellants should recover their costs in the district court?
Wickham. There is no difference between this and other eases. The party prevailing always gets costs.
*429 Warden, contra. The appellee was obliged to bring the will for probate; and he ought not to be punished for doing his duty.
Washington, on the same side. This is a ease sui generis. The executor was bound to offer the will for probate; and therefore ought not to incur loss for performing what the law required of him: which must be the case, if the appellants recover costs; for the testator’s estate will not be charged with them as in general cases respecting his affairs; but the executor will be obliged to pay them out of his own pocket,
Wickham, in reply. That argument begs the question. Tt supposes the appellee to be executor, when he is not. There is no circumstance in his favour; for he contrived the will, and obtruded himself into the situation.
The court expressed different opinions upon the subject; but, at length, Washington cited the case of Wilcox v. Rootes, in this court, where costs were not given.
Per Cur. That settles it; and therefore the appellants must not have costs in the district court.